**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| NESTLE USA, INC., ) | Case No. 1:22-cv-227 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARY SABOURIN & MICHEL ) | |
| SABOURIN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Nestle USA, Inc. ("Nestle"), by counsel, brings this case for damages against Defendants Mary Sabourin and Michel Sabourin to recover damages Nestle incurred as a result of fraudulent transactions Ms. Sabourin entered into in her capacity as a Factory Buyer with Nestle which were deposited into a PayPal account registered to Defendant Michel Sabourin.

### Introduction & Background

1. This is an action brought by Plaintiff, Nestle USA, Inc. (hereinafter "Nestle") against its former employees, Mary Sabourin ("Ms. Sabourin") and Michel Sabourin ("Mr. Sabourin"), to recover monies embezzled by Ms. Sabourin while she was employed as a Factory Buyer with Nestle's Procurement Team.

2. As explained in further particularity below, Ms. Sabourin abused the authority of her position and engaged in a scheme to embezzle at least $114,560 through 42 fraudulent transactions she entered into on behalf of Nestle using Square, Inc. terminals with two fraudulently created imitations of legitimate business enterprises that funneled the money into a PayPal account owned by Ms. Sabourin's husband, Defendant Michel Sabourin.

3. Ms. Sabourin was criminally charged by the State of Indiana for these fraudulent acts in the Madison Circuit Court under Cause. No. 48C05-2101-F6-000164, and on August 28, 2021, she filed an executed plea agreement with the court wherein she agreed to plead guilty-as-charged to knowingly and intentionally exerting unauthorized control over the property of Nestle, with the intent to deprive Nestle of the property's value or use in at least $50,000 of value.

### Jurisdiction and Venue

4. Nestle is a Delaware Corporation with its principal place of business located at 1812 N. Moore Street, Arlington, Virginia 22209, and is thus a citizen of Delaware and Virginia for purposes of 28 U.S.C. § 1332.

5. Defendant, Mary Sabourin, is a citizen of the State of Illinois and is domiciled at 1254 Jasmine Court, Naperville, IL 60540.

6. Defendant, Michel Sabourin, is a citizen of the State of Illinois and is domiciled at 1254 Jasmine Court, Naperville, IL 60540.

7. Thus, there is complete diversity of citizenship between the Parties.

8. The amount in controversy exceeds $75,000.

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

10. All or a substantial part of the events giving rise to this case occurred within Madison County, Indiana.

11. Thus, venue within the United States District Court for the Southern District of Indiana is proper.

### The Fraudulent Charges

12. Ms. Sabourin was initially hired as a full time Quality Assurance Specialist in 2011 at Nestle's Anderson, Indiana Factory.

13. Mr. Sabourin was previously employed by Nestle as a Supply Chain Supervisor at its Anderson, Indiana Factory from 2012 to 2014.

14. In 2014, Ms. Sabourin was promoted to the Procurement Team as a Factory Buyer supporting the Services and Indirect Materials and Compliance departments.

15. As part of her position as a Factory Buyer, Ms. Sabourin was an authorized user – for legitimate business purposes only - of a Nestle company American Express card ("AMEX card").

16. Ms. Sabourin's employment with Nestle ended on March 10, 2020.

17. Ms. Sabourin engaged in 42 distinct transactions (hereinafter "the Fraudulent Charges") with the Nestle AMEX card using Square, Inc. between April 1, 2018 and March 30, 2020, in which no goods or services were received by Nestle.

18. According to representatives of Square, Inc.'s Internal Audit team, the Fraudulent Charges paid to Square, Inc. were linked to a PayPal account registered to Ms. Sabourin's husband, Michel Sabourin.

19. All of the Fraudulent Charges were posted to the AMEX card using a Square, Inc. terminal.

20. Square, Inc. allows a user to set up a profile to process credit card transactions using their personal smart devices.

21. Users of Square are able to customize how they appear on credit card statements as a vendor, thus, fields such as the name of the supplier and the supplier's address can be manipulated within the Square platform.

22. Fields such as "Supplier Legal Name" and "Supplier Address" changed over the course of the 42 Fraudulent Charges.

3

23. Nestle had in place a payment card reconciliation process whereby payment card transactions would be evidenced to the Factory Administrator, Ms. Patty Clegg.

24. As explained in further detail below, Ms. Sabourin forged documents to submit to Ms. Clegg and other Nestle employees as part of the reconciliation process.

25. The Fraudulent Charges were paid to two fraudulently created "vendors" on the Square, Inc. platform created by Ms. Sabourin to imitate two vendors that had previously done business with Nestle.

26. The two fraudulently created vendors were "Plumbing Doctors" and "Cole-Parmer."

### Fraudulent Charges by "Plumbing Doctors"

27. Plumbing Doctors, LLC is a legitimate business located at 2904 East 5th Street, Anderson, Indiana, 46012, but is not a regular vendor for the Nestle Anderson facility.

28. Ms. Sabourin entered into Fraudulent Charges on Nestle's AMEX card to a fraudulently created Square, Inc. vendor named "Plumbing Doctors" designed to mimic an otherwise legitimate business enterprise.

29. Between May 24, 2018, and April 22, 2019, 19 separate charges were posted to Ms. Sabourin's Nestle AMEX card for a total value of $34,967.15.

30. The following is a list of the Fraudulent Charges paid to "Plumbing Doctors":

| Plumbing Doctors Transactions May 2018 - Apr 2019 | | | | Charge Amount |
|---|---|---|---|---|
| Charge Date | Supplier Address | Supplier Legal Name | Transaction Description 2 | (USD) |
| 05/24/2018 | 411 CHESTNUT STREET | JENNA SABOURIN | REF# J35KOD  squareup.com/rec 05/24/18 | 934.27 |
| 05/24/2018 | 411 CHESTNUT STREET | JENNA SABOURIN | REF# J35ISE  squareup.com/rec 05/24/18 | 134.63 |
| 05/24/2018 | 411 CHESTNUT STREET | JENNA SABOURIN | REF# J35ISE  squareup.com/rec 05/24/18 | -134.63 |
| 05/24/2018 | 411 CHESTNUT STREET | JENNA SABOURIN | REF# J35KOD  squareup.com/rec 05/24/18 | -934.27 |
| 10/19/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# KPVN4U  squareup.com/rec 10/19/18 | 2,365.41 |
| 10/19/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# KPXE3B  squareup.com/rec 10/19/18 | 1,736.52 |
| 10/26/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# KQZRGS  squareup.com/rec 10/26/18 | 1,698.58 |
| 11/08/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# xJGQUmr6eY5 squareup.com/rec 11/08/18 | 1,542.11 |
| 11/08/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# TBwBypCLVr6 squareup.com/rec 11/08/18 | 1,524.91 |
| 11/15/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# V1FexsNBDKA squareup.com/rec 11/15/18 | 2,657.97 |
| 11/21/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# GTDVDo5MBiu squareup.com/rec 11/21/18 | 1,842.31 |
| 11/27/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# 4zvaVnGQv6Q squareup.com/rec 11/27/18 | 1,645.40 |
| 12/03/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# 6RXjODybtHI squareup.com/rec 12/03/18 | 1,783.58 |
| 12/11/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# 7clfkeA8RAi squareup.com/rec 12/11/18 | 2,821.79 |
| 12/18/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# hkP5IWc5DQ4 squareup.com/rec 12/18/18 | 2,165.30 |
| 12/27/2018 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# VJiNhK4C956 squareup.com/rec 12/27/18 | 2,989.26 |
| 01/05/2019 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# DVFycrCEpcB squareup.com/rec 01/05/19 | 3,339.05 |
| 01/16/2019 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# pmw4hcMbgwF squareup.com/rec 01/16/19 | 3,405.72 |
| 04/22/2019 | 12644 RAIDERS BLVD | PLUMBING DOCTORS | REF# RvBYJbrbiFS squareup.com/rec 04/22/19 | 3,449.24 |
| TOTAL | | | | 34,967.15 |

31.     The first two Fraudulent Charges on the Amex card were posted on May 24, 2018, and were subsequently reversed a week after posting. These first two charges identified Ms. Sabourin's daughter, Jenna Sabourin, as the "Supplier Legal Name."

32.     Ms. Sabourin authored an email explaining this discrepancy to Nestle's factory management, forwarding a fraudulently created email from "plumbingdoctorsanderson@gmail.com," purportedly sent by Vince Hileman, claiming that a new technician "must have put the customer name in the wrong field when he ran the transaction."

33.     Nestle's internal auditors discovered during the course of their investigation in this matter that Vince Hileman is in fact a principal of Plumbing Doctors, LLC, but his email address contains a domain name of @Plumbing-Doctors.com.

34.     The "Supplier Address" and "Supplier Legal Name" fields changed over time as more Fraudulent Charges occurred.

35.     The 411 Chestnut Street address appears to be an address for student housing on the campus of Indiana State University, where Ms. Sabourin's daughter, Jenna Sabourin, attended school.

36.     12644 Raiders Blvd. appears to be a residential address in Fishers, Indiana.

5

37. Later, on October 19, 2018, a second pair of Fraudulent Charges totaling $4,101.49 occurred on the Amex card under the Supplier Legal Name "Plumbing Doctors."

38. For the reconciliation of these charges, Ms. Sabourin provided doctored emails purporting to have been sent from internal Nestle personnel who hired "Plumbing Doctors" and requesting Ms. Sabourin to pay the invoices.

39. Interviews of the internal Nestle personnel that the doctored emails indicated "approved" the transactions confirmed they in fact did not request the services referenced in the doctored emails.

40. A total of 16 separate doctored email chains submitted in support of the Fraudulent Charges with "Plumbing Doctors" were discovered upon audit by Nestle.

41. No goods or services were received by Nestle in connection with the Fraudulent Charges paid to "Plumbing Doctors."

42. In total, Ms. Sabourin incurred $34,967 in Fraudulent Charges to the AMEX card over the course of 15 transactions over 12 months with "Plumbing Doctors."

43. According to Square, Inc., these Fraudulent Charges were paid to a PayPal account associated with Defendant Michel Sabourin.

### Fraudulent Charges by "Cole-Parmer"

44. Cole-Parmer n/k/a Antylia Scientific is a legitimate business that sells laboratory products and services lab equipment, and has done business very infrequently with Nestle's Anderson, Indiana plant in the past.

45. The Fraudulent Charges on the AMEX card paid to "Cole-Parmer" were also made using the Square, Inc. terminal using a fraudulently created vendor.

6

46. The address for these charges per the information supplied by AMEX indicated the address for the "vendor" was 10303 Plantana Blvd, Fishers, Indiana, which is believed to be a residential neighborhood in Fishers, Indiana.

47. The Fraudulent Charges that occurred with "Cole-Parmer" occurred while Ms. Sabourin transitioned from a full-time to a part-time employee with Nestle.

48. During this period, Ms. Sabourin lost access to her own AMEX purchasing card, and she began using the Factory Administrator's AMEX purchasing card to conduct additional unauthorized Fraudulent Charges with "Cole-Parmer."

49. In total, Ms. Sabourin made Fraudulent Charges to hers and the Factory Administrator's Nestle AMEX cards totaling $79,593 from January 2019 through March 2020.

50. These Fraudulent Charges were paid into a PayPal account associated with Defendant Michel Sabourin.

51. The following is a list of the Fraudulent Charges paid to "Cole-Parmer":

| Cole-Parmer Transactions | | | | |
|---|---|---|---|---|
| Charge Date | P-Card | Supplier Address | Supplier Legal Name | Charge Amount (USD) |
| 01/24/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 2620.12 |
| 02/04/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 1429.3 |
| 02/06/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 3886.08 |
| 02/22/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 2035.3 |
| 03/01/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 1,643.16 |
| 03/14/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 2,360.55 |
| 03/18/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 4,124.16 |
| 04/02/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 2,097.76 |
| 04/12/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 4,804.16 |
| 04/25/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 3,184.70 |
| 05/17/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 4,167.30 |
| 05/24/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 2,385.00 |
| 05/31/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 3,595.38 |
| 06/07/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 3,608.12 |
| 06/18/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 6,282.58 |
| 06/24/2019 | Sabourin | 10303 PLANTANA BLVD | WILLIAM CONNELL | 5,246.08 |
| 07/31/2019 | Clegg | 10303 PLANTANA BLVD | COLE PARMER | 3,236.14 |
| 10/11/2019 | Clegg | 10303 PLANTANA BLVD | COLE PARMER | 3,595.38 |
| 10/22/2019 | Clegg | 10303 PLANTANA BLVD | COLE PARMER | 2,578.90 |
| 11/05/2019 | Clegg | 10303 PLANTANA BLVD | COLE PARMER | 3,433.12 |
| 11/27/2019 | Clegg | 10303 PLANTANA BLVD | COLE PARMER | 3,886.08 |
| 01/23/2020 | Clegg | 10303 PLANTANA BLVD | COLE PARMER | 4,924.80 |
| 03/02/2020 | Clegg | 10303 PLANTANA BLVD | COLE PARMER | 4,469.25 |
| TOTAL | | | | 79,593.42 |

52. No goods or services were received by Nestle arising from any of the Fraudulent Charges made by "Cole-Parmer" on the Nestle AMEX card.

53. As she did with the Fraudulent Charges paid to "Plumbing Doctors," Ms. Sabourin submitted a number of doctored emails and invoices purporting to be sent by Cole-Parmer in reconciliation of the Fraudulent Charges.

54. On March 4, 2020, representatives of Nestle conferred with a legitimate representative of Cole-Parmer, Mr. Jason Henshall, who confirmed several issues with the invoices and doctored emails submitted by Ms. Sabourin.

55. Mr. Henshall confirmed Cole-Parmer does not have a Fishers, Indiana location.

56. Mr. Henshall confirmed that the purported employee of Cole-Parmer that submitted invoices to Nestle for the Fraudulent Charges, a so-called Stephon Hagman, was not an employee of Cole-Parmer.

57. Mr. Henshall confirmed that the email domain from which "Stephon Hagman" (i.e. Ms. Sabourin) sent doctored invoices for the Fraudulent Charges was not a Cole-Parmer email address.

58. Mr. Henshall also confirmed that Cole-Parmer would not process any invoices through the Square, Inc. platform as part of its regular business practices.

59. On April 21, 2020, Mr. Fred McLean, Nestle's Head of Internal Controls conducted a teleconference with Square, Inc.'s Director of Internal Audit, Melissa Ellingworth. In this conversation, Ms. Ellingworth confirmed that the "Cole Parmer" and "Plumbing Doctors" "vendors" on the Square platform were linked to a PayPal account registered to a "Mitch" (Michel) Sabourin, a former Nestle employee who is Ms. Sabourin's spouse.

60. A total of $114,560 in Fraudulent Charges made with Nestle's AMEX cards were paid directly to the PayPal account registered to Defendant Michel Sabourin.

61. The $114,560 incurred by Nestle as a result of the Fraudulent Charges inured to the benefit of Defendants Mary Sabourin and Michel Sabourin.

62. Nestle received no goods or services arising from any of the Fraudulent Charges.

63. Ms. Sabourin's submission of doctored emails and invoices in support of these Fraudulent Charges she entered into evidence an intent to embezzle funds from Nestle.

64. On January 21, 2021, the State of Indiana brought criminal charges against Ms. Sabourin in the Circuit Court of Madison County under Cause No. 48C05-2101-F6-000164 for Level Six Felony Theft (Ind. Code §§ 35-43-4-1(a); 35-43-4-2(a)(1)(A)). A true and accurate copy of the Criminal Charging Information is attached hereto as Exhibit "A."

65. The Probable Cause Affidavit set forth the operative facts as plead above, indicating Ms. Sabourin had entered into an artifice wherein she knowingly and intentionally exerted unauthorized control over $114,560 belonging to Nestle which deprived the company of the value and use of the $114,560. A true and accurate copy of the Probable Cause Affidavit is attached hereto as Exhibit "B."

66. On August 28, 2021, Ms. Sabourin tendered a Plea Agreement to the court wherein she agreed to plead guilty-as-charged in exchange for among other things, a sentence of twenty-four (24) months, time served on formal probation, and restitution to Nestle in the amount of $24,000, to be paid in monthly installments of $1,000 per month for 24 months. A true and accurate copy of the plea agreement is attached hereto as Exhibit "C."

67. Ms. Sabourin's agreement to plead guilty as charged is an admission against her interest.

68. The sentence of $24,000 restitution fails to make Nestle whole for the theft of $114,560 Ms. Sabourin committed.

### Count I: Actual and Constructive Fraud – Mary Sabourin

69. Nestle incorporates by reference the allegations set forth in Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70. Ms. Sabourin made untrue material representations of fact, with knowledge of their falsity and intent to deceive Nestle in incurring the Fraudulent Charges.

71. Ms. Sabourin's fraudulent intent is evidenced by the fact that she prepared numerous doctored emails to justify and reconcile the Fraudulent Charges with intent that it would be acted upon and approved by Nestle.

72. Nestle rightfully acted upon Ms. Sabourin's fraudulent representations made in her capacity as a Factory Buyer for Nestle.

73. Nestle rightfully relied upon these untrue material representations by Ms. Sabourin.

74. Nestle's rightful reliance upon these untrue material representations by Ms. Sabourin proximately caused Nestle to incur damages of at least $114,560 in incurring the expense of the Fraudulent Charges.

75. Ms. Sabourin's acts, as stated herein, constituted actual fraud, and her failure to disclose the Fraudulent Charges constituted constructive fraud.

### Count II: Actual and Constructive Fraud – Michel Sabourin

76. Nestle incorporates by reference the allegations set forth in Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. To the extent Defendant Michel Sabourin conspired with Ms. Sabourin to commit the above fraudulent acts, he is likewise liable to Nestle for actual fraud.

78. To the extent Defendant Michel Sabourin knew the Fraudulent Charges were being paid into a PayPal account registered in his name, or otherwise knew that the Defendants came into possession of the misappropriated funds through the Fraudulent Charges, he had a duty to inform Nestle he came into possession of funds obtained via the Fraudulent Charges and failed to do so.

79. Defendant Michel Sabourin's failure to disclose to Nestle the fact he came into possession of the above-referenced monies constitutes constructive fraud.

### Count III: Conversion – Mary Sabourin

80. Nestle incorporates by reference the allegations set forth in Paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. Ms. Sabourin exercised control over $114,560 of Nestle's property by entering into the Fraudulent Charges.

82. Ms. Sabourin's control over Nestle's property was unauthorized.

83. Ms. Sabourin was aware of a high probability that her control over Nestle's property was unauthorized.

84. Ms. Sabourin's conversion of Nestle's property proximately caused Nestle to incur damages of at least $114,560.

### Count IV: Conversion – Michel Sabourin

85. Nestle incorporates by reference the allegations set forth in Paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86. Defendant Michel Sabourin exercised control over $114,560 of Nestle's property by allowing them to be deposited into a PayPal account registered to him.

87. Mr. Sabourin's control over Nestle's property was unauthorized.

88. Mr. Sabourin was aware of a high probability that his control over Nestle's property was unauthorized.

89. Mr. Sabourin's conversion of Nestle's property proximately caused Nestle to incur damages of at least $114,560.

### Count V: Crime Victim Relief Act – Mary Sabourin

90. Nestle incorporates by reference the allegations set forth in Paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. Ms. Sabourin knowingly and intentionally exerted unauthorized control over Nestle's property, the value of which exceeds $50,000, with intent to deprive Nestle of its value or use.

92. Ms. Sabourin committed criminal theft as defined by Ind. Code § 35-43-4-2(a).

93. Ms. Sabourin entered into a plea agreement where she agreed to plead guilty as charged to felony theft (Ind. Code §§ 35-43-4-1(a); 35-43-4-2(a)(1)(A)).

94. Ms. Sabourin committed the crime of theft and Nestle is entitled to relief under the Indiana Crime Victim Relief act as a result of Ms. Sabourin's criminal acts.

### Count VI: Crime Victim Relief Act – Michel Sabourin

95. Nestle incorporates by reference the allegations set forth in Paragraphs 1 through 94 of this Complaint as if fully set forth herein.

96. Ms. Sabourin knowingly and intentionally exerted unauthorized control over Nestle's property, the value of which exceeds $50,000, with intent to deprive Nestle of its value or use.

97. Michel Sabourin was engaged in a conspiracy to commit these fraudulent acts and/or was an accessory-after-the-fact by retaining said funds in his PayPal account and failing to notify Nestle or any law enforcement authorities that he had come into possession of these funds.

98. Ms. Sabourin committed criminal theft as defined by Ind. Code § 35-43-4-2(a).

99. Ms. Sabourin entered into a plea agreement where she agreed to plead guilty as charged to felony theft (Ind. Code §§ 35-43-4-1(a); 35-43-4-2(a)(1)(A)).

100. Ms. Sabourin committed the crime of theft, for which Michel Sabourin is liable as an accomplice, or accessory-after-the-fact, and Nestle is entitled to relief under the Indiana Crime Victim Relief act as a result of these criminal acts.

### **Prayer for Relief**

WHEREFORE, Plaintiff, Nestle USA, Inc. hereby requests that this Court enter a judgment in its favor for all compensatory, statutory, and related damages, and award:

1. Actual damages in the amount of $114,560;

2. Treble damages pursuant to the Indiana Crime Victim Relief Act (Ind. Code § 34-24-3-1;

3. Nestle's costs in bringing this action;

4. Nestle's attorney's fees in bringing this action;

5. Nestle's actual travel, direct, and indirect expenses not otherwise reimbursed incurred in having its employees and agents file papers and attend court proceedings related to recovery of a judgment rendered in this case;

6. Nestle's actual travel, direct, and indirect expenses not otherwise reimbursed incurred in having to provide witnesses to testify in court proceedings related to recovery of a judgment rendered in this case;

7. All other reasonable costs of collection;

8. Pre-judgment interest, and post-judgment interest to the fullest extent permitted by law;

9. Such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        Frost Brown Todd LLC

        /s/ Adam S. Ira
        Kevin C. Schiferl
        Adam S. Ira
        *Attorneys for Plaintiff Nestle USA, Inc.*

LR03564.0751783   4854-4133-2743v1